### No. 9837.

### THE STATE OF LOUISIANA VS. RICHARD J. ESTOUP.

A declaration made by a wounded man, who subsequently died from his wound, ten minutes after the wound was inflicted, and seventy yards from the place where the fight occurred, charging that the accused had shot him, is no part of the *res gestae,* and is, therefore, not admissible in evidence against the accused on trial.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman,* J.

----

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* District Attorney, for the State, Appellee:

1. Any statement which is the natural or inseperable concomitant of the principal fact in controversy, is not within the meaning of hearsay, but is an original and independent fact, admissible in proof of the issue. 1 Grenl. on Ev. Secs. 99, 100.
   Where the probative force of the statement offered as part of the *res gestae* rests not on the credit of its maker but on the cogent influence of the circumstances under which it was uttered, it becomes original evidence. Best's Prin. of Ev. Sec. 492, N. 1; Id. p. 470, note (e).
2. These declarations are admissible if, 1st, they so limit, explain or characterize the fact in issue as in a just sense to be part of it, and necessary to its complete understanding; and, 2d, if such declarations be contemporaneous with the fact to which they relate. Best's Prin. of Ev. p. 469, notes; 1 Greenl. Ev. 14th ed., Sec. 108; Starkie on Ev. 9 Am, ed. p. 87; 1 Bishop Crim. Law Secs. 1085, 1086; Whart. Ev. Secs. 262, 263.
3. While it is universally conceded that these declarations are competent evidence if contemporaneous with the facts to which they relate, yet great and irreconcilable differences exist as to the true construction of the term " contemporaneous." In some jurisdictions it is limited to its strictest sense of being *concurrent in time.* To this category belong the decisions relied on by appellant, which are reviewed and their inapplicability shown.
4. But the current of decisions, both in this country and in England, is to admit the declarations if they are so connected with the main fact as to qualify, characterize or explain it, although not strictly contemporaneous with it. In the leading case of Insur-

ance Co vs. Mosley, 8 Wall. (U. S.) 397, the declarations were uttered some minutes after the facts which they characterized had occurred. In Com. vs. McPike, 3 Cash. (Mass.) 181, subsequent declarations were also admitted. In State vs. Molisse, 38 Ann. 382, the declaration of deceased, made ten minutes after he was fatally shot, was ruled to be admissible as part of the *res gestae*. And in accord with these decisions are Best's Prin. of Ev. 469, 1; Starkie on Ev. p. 87; 1 Greenl. on Ev. Sec. 110; 1 Bish. Crim. Proc. Secs. 1085, 1086; 1 Taylor's Ev. Sec. 588; 12 B. 51, p. 60; 9 Bing. 349: 2 Bing. 104; 6 C. and P. 325; Skin. 402; 6 East's R. 193; Cox's Cr. Lw. Ca. 477; 57 Mo. 93; 5 W. V. 510; 2 Allen (Mass.) 136; 4 Tex. App. 202; 2 Dill. C. C. 154; 1 Wall. (U. S.) 637; 35 Cal. 49; 55 Pa. St. 402; 1 How. (U. S.) 219; 47 Mo. 239; 25 Gratt. (Va.) 921; Id. 943; 32 Ga. 672.

5. Upon the trial judge, who heard all the witnesses testify, devolved the duty of determining the relation of the declaration to the litigated act. 1 Greenl. Ev. Sec. 108; State vs. Molisse, 38 Ann. 382. In the exercise of a sound discretion that officer has decided that under all the circumstances of the case the statement was " unconsciously associated with and related to the homicidal act, even though separated from it by a short time."

This judgment should not be disturbed.

### *W. L. Evans,* for Defendant and Appellant:

In all cases where the question arises, whether declarations made are a part of the *res gestae* or not, it is well settled that the facts of each case stand alone and must speak for themselves. State vs. Molisse, 38 Ann.       ; Denton vs. State, 1 Swan Tenn. R. 281.

*Res gestae* are events speaking for themselves, through the instinctive words and acts of participants, not the words and acts of participants, when narrating the events." Whar. Crim. Ev. Sec. 262.

The principal points of attention are, whether the circumstances and declarations offered in proof were contemporaneous with the main fact under consideration, and whether they are so connected with it, as obviously to constitute one transaction. 1 Greenl. on Ev. 14th Ed., Sec. 108 and note; 1 Taylor on Ev. Sec. 525; State vs. Carlton, 48 Vt. 642; Reg. vs. Bedingfield, 14 Cox, C. C. 342.

An instance of the doctrine of the *res gestae* rendering admissible declarations of a person wounded, is where they relate to his physical or mental feelings, but not as to who inflicted the wound or with what weapon it was inflicted. 2 Bish. Cr. Pro. 2d Ed. Sec. 626; Jones vs. State, 71 Ind. 81; Denton vs. State, 1 Swan Tenn. R. 282.

The declarations must be so closely connected with the main fact as to be without suspicion of afterthought. Hall vs. State, 48 Ga. 609; State vs. Carlton, 48 Vt. 643, 644.

The declarations, to be part of the *res gestae*, must have been made at a time and place, and under circumstances which preclude the hypothesis of concoction or premeditation. Whar. Crim. Ev. Sec. 263.

"The test is, were the declarations the facts talking through the party or the party's talk about the fact. Instinctiveness is the requisite." Whar. Cr. Ev. Sec. 691.

"The rule before us, however, does not permit the introduction, under the guise of *res gestae*, of a narrative of past events, made after the events are closed by either the injured party or by bystanders." Whar. Crim. Ev 264; State vs. Melton, 37 Ann. 78; State vs. Williams, 34 Ann. 961.

"An act cannot be varied or explained, either by a declaration, which amounts to no more than a mere narration of a past occurrence, by an isolated conversation held or an isolated act done." 1 Taylor on Ev. Sec, 527.

In the instant case, the declarations admitted in evidence (against the objection of the prisoner) were made after the transaction was at an end, after the parties had separated, after the declarant had been in company with a person other than the witness, after the

declarant had gone sixty or seventy yards from the place where the event, which resulted in his death, occurred, and after the lapse of about ten minutes. They contained nothing but the words of one of the participants when narrating what had become a past event. R. pp 28, 29.

The opinion of the Court was delivered by

Todd, J. The defendant appeals from a sentence of fifteen years' imprisonment at hard labor, being charged with murder and convicted of manslaughter.

The only question presented for our determination relates to the ruling of the trial judge in admitting in evidence a certain statement of the deceased, made a few minutes after receiving the wound of which he died.

To understand it fully we reproduce the bill of exceptions taken by the counsel of the accused to the admission of the evidence :

"Be it remembered, that, on the trial hereof, one Thomas Herlihy, a witness for the State, being examined by the assistant district attorney, after testifying that he heard four shots fired at the corner of Clio and Howard streets, and that in about ten minutes after he was called out of the house, where he was, by some one, who said to him that his brother was shot, that when he went out he found his brother, John Herlihy, sitting on the steps of the house on Howard street, about 60 or 70 yards from the corner of Clio street. The witness was about to say what his brother, John Herlihy, (*the deceased*) said to him at that time. The defendant objected on the ground that what John Herlihy said after the shooting was all over and the parties had separated, and after John Herlihy had gone away 60 or 70 yards from the place where the trouble and shooting occurred, and after he, John Herlihy, had been with one King, his brother-in-law, who was with said John Herlihy on the steps when this witness went out as testified to by this witness, was not part of the *res gestæ*, but hearsay, and not admissible in evidence. The court overruled the objection and defendant excepted to said ruling and reserved this his bill of exceptions. This witness said that his brother, John Herlihy, then and there told him, in answer to his question, that Estoup had shot him." Rec., pp. 28, 29.

As will be seen this statement was admitted not as a dying declaration but as part of the *res gestæ*.

In this ruling the trial judge was clearly in error. The weight of authority is decidedly against it. This will fully appear by a few references to the authoritative works on evidence.

Thus Greenleaf on this point says : "The principal points of attention are, whether the circumstances and declarations offered in proof

were contemporaneous with the *main fact* under consideration, and whether they were so *connected with it* as to illustrate its character." 1 Greenl. Ev., 14th ed., sec. 108; and in a note, the author says : " Declarations to *become* part of the *res gestæ*, must have been made at the *time* of the *act done*, which they are supposed to characterize; and have been well calculated to unfold the nature and quality of the facts they were intended to explain, and so to harmonize with them as *obviously* to *constitute one transaction*."

Says Taylor: "In all cases the principal points of attention are, whether the circumstances and declarations offered in proof were *so connected* with the main fact under consideration, as to illustrate its character, to further its object, or to form in conjunction with it *one continuous transaction*." 1 Taylor on Ev., sec. 525.

The same author says (sec. 526) : "Still, an act cannot be varied, qualified or explained either by a declaration, which amounts to no more than a mere *narrative* of a past occurrence, or by an *isolated conversation* held, or an isolated act done at a later period."

Bishop says: "An instance of the doctrine of *res gestæ*, rendering admissible declarations by the deceased, is where they relate to his *physical or mental* feelings. Thus his statements, after being wounded, explanatory of the *injury* have been held competent; *but not as to who inflicted it or with what weapon*." 2 Bish. Cr. Pro., 3d ed., sec. 626; Jones vs. State, 71 Ind. 81; Denton vs. State, 1 Swan Tenn. R., 282.

"The rule before us, (says Wharton) however, does not permit the introduction, *under the guise of res gestæ*, of a narrative of past events made after the events are closed by either the party injured or by bystanders." Whar. Cr. Ev. sec. 264.

This was the view adopted by this Court in the recent case of the State vs. Melton, 37 Ann. 78. In that case certain declarations of the defendant were offered in evidence as a part of the *res gestæ*, and the reasons given by the trial judge for excluding the declarations were quoted in the opinion of the court and approved.

These reasons were as follows, (quoting) : " Because, *it*, the declaration of the defendants, *six or eight* minutes *after* the killing, and *after* they had left the place and gone sixty or eighty yards and then returned on their way home, or wherever they went; and was no part of the *res gestæ*, either in point of time or *connection* with the killing, and was evidently *not spontaneous*, as the defendants had met the same witness a few minutes before, twenty-five or thirty yards from the gate, as they were leaving, and *made no such statement*."

So in the instant case the declaration was made by the deceased ten minutes after the fight ceased, 50 to 70 yards away from the spot where it occurred, and the deceased at the time was sitting by his brother-in-law and in conversation with him and made no such declaration to him, before found by the witness testifying, so far as the record shows, and the circumstances clearly exclude it from the conditions and rules that would make it a part of the *res gestæ*.

This view of the matter is fully sustained to the very letter by frequent adjudications. State vs. Williams, 34 Ann. 961; State vs. Carlton, 48 Vt. 643; Hall vs. State, 48 Ga. 609; Jones vs. State, 71 Ind. 81; Denton vs. State, 1 Swan (Tenn. R.) 282. The case of the State vs. Molisse, 38 Ann. —, is referred to as opposed to this view of the subject.

In that case the question presented in no manner related to any declaration of the deceased, naming the person who committed the offense, but consisted of an admission made by the accused himself immediately after the fight as to his own acts or conduct therein, which tended to justify the accused in making the attack and inflicting the wound.

The conclusion reached compels us to remand the case.

It is therefore ordered, adjudged and decreed that the sentence and judgment of the lower court be annulled, avoided and reversed, that the verdict of the jury be quashed and the case remanded to the lower court to be proceeded with according to law.